**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLIAM A. PROCTOR, | No. CIV S-96-1401-DFL-CMK |
|     Petitioner, | DEATH PENALTY CASE |
|     vs. | <u>ORDER</u> |
| EDDIE YLST, et al., | |
|     Respondents. | |
| _____/ | |

Petitioner, a state prisoner proceeding with appointed counsel, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to court order, the parties have filed cross-motions for summary judgment[1] on guilt-phase claims raised in the petition. Specifically, pending before the court are the following:

    Respondents' cross-motion for summary judgment (Doc. 176);
    Petitioner's cross-motion for summary judgment (Doc. 189);
    Petitioner's opposition to respondent's cross-motion (Doc. 188);
    Respondents' opposition to petitioner's cross-motion (Doc. 194);
    Petitioner's motion pursuant to Rule 56(f) (Docs. 185 & 186);
    Respondents' reply and opposition to petitioner's Rule 56(f) motion ((Doc. 193);
    Petitioner's reply (Doc. 198).

---

[1] Through their cross-motions, the parties seek adjudications on the merits of petitioner's guilt-phase claims. The court, therefore, will treat the motions as merits briefs.

In their cross-motion, respondents seek adjudications, as a matter of law, on Claims A through T, to the extent such claims have not already been dismissed. In his cross-motion, petitioner seeks adjudications on Claims C, D, F through H, J, M through O, and Q through S. As to Claim A, petitioner asserts through his Federal Rule of Civil Procedure 56(f) motion that additional discovery is required in order to oppose respondent's cross-motion.

At the time respondents filed their cross-motion, findings and recommendations had been issued recommending that a number of claims be dismissed. Respondents filed their cross-motion under the assumption that the findings and recommendations would be adopted in full but requested the opportunity to brief the merits of any claims the court ultimately declined to dismiss. On March 30, 2005, the court issued an order adopting some, but not all, of the findings and recommendations. In particular, and relevant to the pending cross-motions, the court dismissed Claims B, E, I, K (in part), and T. The court, however, declined to dismiss Claims K (except that portion of the claim raising a causal connection argument) and L.

In order to complete briefing on the merits of the guilt-phase claims, the court finds that additional briefing is required. Specifically, respondents will be required to submit supplemental briefing on Claim K, except to the extent such claim has been dismissed, and Claim L. Petitioner will be given an opportunity to respond. The hearing currently scheduled for May 17, 2006, will be re-set to June 13, 2006, at 11:00 a.m. Petitioner's counsel are requested to remain available after the hearing for an ex parte discussion of budget matters.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED that:

1. Within 14 days of the date of this order, respondent shall file a supplemental brief addressing Claim K, except to the extent such claim has been dismissed, and Claim L;

2. Within 7 days after service of respondents' supplemental brief, petitioner may file a response. and

3. The hearing, currently set for May 17, 2006, is re-set to June 13, 2006, at 11: 00 a.m. in Redding, California.

DATED: May 9, 2006.

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE