1
2
3
4
5
6
7

8      **IN THE UNITED STATES DISTRICT COURT**

9      **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    WILLIAM A. PROCTOR,                    No. 2:96-CV-1401-JAM-CMK

12            Petitioner,                    DEATH PENALTY CASE

13        vs.                                <u>ORDER</u>

14    RON DAVIS[1], et al.,

15            Respondents.

16    _____/

17            Petitioner, a state prisoner proceeding with appointed counsel, seeks a writ of

18    habeas corpus pursuant to 28 U.S.C. § 2254.   Pending before the court is petitioner's motion for

19    reconsideration (Doc. 327).

20            Petitioner seeks reconsideration of the court's (Judge Levi) March 30, 2005, non-

21    final order dismissing some claims (Doc. 174).[2]  Specifically, petitioner seeks reconsideration as

22    to Claims EE and LL.

23    _____

24        [1]     Pursuant to Federal Rule of Civil Procedure 25(d), Ron Davis is substituted for
      his predecessor.  The Clerk of the Court is directed to update the docket to reflect the above
25    caption.

26        [2]     Because the order did not dispose of all claims, it is not a final judgment.

                                          1

1    Under Rule 60(b), the court may grant reconsideration of a final judgment and any

2  order based on, among other things:  (1) mistake, inadvertence, surprise, or excusable neglect;

3  (2) newly discovered evidence which, with reasonable diligence, could not have been discovered

4  within ten days of entry of judgment; and (3) fraud, misrepresentation, or misconduct of an

5  opposing party.  A motion for reconsideration on any of these grounds must be brought within a

6  reasonable time and no later than one year of entry of judgment or the order being challenged.

7  See Fed. R. Civ. P. 60(c)(1).

8    Because the March 30, 2005, order is non-final, and because petitioner's motion is

9  based on new evidence[3], the motion for reconsideration is brought under Rule 60(b)(2).  Motions

10  under Rule 60(b)(2) must be brought no later than one year of the order being challenged.

11  Petitioner's current motion was not filed until October 2013, making it untimely to challenge a

12  March 2005 order.  To the extent petitioner argues that the one-year limit should not start running

13  until the new evidence was discovered, all of the new evidence (except the Shatz declaration)

14  was attached to an April 2012 third state court petition  and, thus, was known to petitioner at

15  least that early.  As to the Shatz declaration, which is dated June 18, 2013, petitioner has made no

16  showing why that declaration could not have been available earlier through due diligence.

17    Accordingly, IT IS HEREBY ORDERED that petitioner's motion for

18  reconsideration (Doc. 327) is denied as untimely.

19  DATED: June 5, 2015

20                    /s/ John A. Mendez

21                    UNITED STATES DISTRICT COURT JUDGE

22

23

24    [3]    Petitioner states that, on April 3, 2012, he filed a third state habeas petition
alleging five new claims.  According to petitioner, the third state petition is supported by exhibits
25  attached to the third petition and not previously presented to the state courts.  On June 19, 2013,
petitioner supplemented the third state court petition with the June 18, 2013, declaration of Prof.
26  Steven F. Shatz.

2